D.C. No. 1:22-cv-00434-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

———

In Re:  PANIOLO CABLE COMPANY, LLC,

                               Debtor.

WAIMANA ENTERPRISES INC.,

                               Appellant,

v.

HAWAIIAN TELCOM, INC., et al.,

                               Appellees.

———

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

NO. HI-22-01178

HON. ROBERT J. FARIS

**APPELLANT'S OPENING BRIEF**

                               WILLIAM MEHEULA          2277
                               MEHEULA LAW, LLLC
                               Three Waterfront Plaza, Suite 499
                               500 Ala Moana Boulevard
                               Honolulu, Hawaii 96813
                               Telephone No.: (808) 599-9554
                               Email:  bill@meheulalaw.com

                               Attorney for Appellant
                               WAIMANA ENTERPRISES INC.;
                               PA MAKANA LLC; and
                               CLEARCOM, INC

## DISCLOSURE STATEMENT

Appellant Waimana Enterprises Inc. ("**WEI**") is a privately owned Hawaii corporation, whose stock is 100% owned by a native Hawaiian.  No public corporation owns any of WEI's stock.  WEI also owns Sandwich Isles Communications ("**SIC**"), Appellant Pa Makana LLC ("**Pa Makana**") and Appellant Clearcom, Inc. ("**Clearcom**").

Date:  Honolulu, Hawaii, March 20, 2023.

/s/ *William Meheula*
WILLIAM MEHEULA

Attorney for Appellant
WAIMANA ENTERPRISES INC.; PA MAKANA LLC; and CLEARCOM, INC.

## TABLE OF CONTENTS

DISCLOSURE STATEMENT .................................................................................. i

I.   JURISDICTIONAL STATEMENT ............................................................ 2

II.  STATEMENT OF ISSUES PRESENTED .................................................. 2

III. CONCISE STATEMENT OF THE CASE .................................................. 3

IV.  SUMMARY OF THE ARGUMENT ........................................................... 4

V.   ARGUMENT ................................................................................................. 4

     A.   STANDARD OF REVIEW ................................................................ 4

VI.  CONCLUSION ............................................................................................. 4

STATEMENT OF RELATED CASES ..................................................................... 6

CERTIFICATE OF COMPLIANCE ......................................................................... 7

CERTIFICATE OF SERVICE ................................................................................... 8

## TABLE OF AUTHORITIES

Statutes

28 U.S.C. § 1 ............................................................................................................ 2

28 U.S.C. 1334(b) .................................................................................................... 2

LBR 8003(a) ............................................................................................................ 2

LBR 8005 ................................................................................................................. 2

Fed. R. Bankr. P. 8002(b)(1)(B) .............................................................................. 2

D.C. No. 1:22-cv-00435-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Case No. HI-22-01179 (RJF) |
| PANIOLO CABLE COMPANY, LLC, | |
| Debtor. | |
| _____ | |
| WAIMANA ENTERPRISES INC., | |
| Appellant, | |
| vs. | |
| HAWAIIAN TELCOM, INC.; DEPARTMENT OF HAWAIIAN HOME LANDS, STATE OF HAWAIʻI; TRUSTEE MICHAEL KATZENSTEIN, | |
| Appellees. | |

## OPENING BRIEF OF APPELLANT

I.  JURISDICTIONAL STATEMENT

   A.   Statutory basis for subject matter jurisdiction of the District Court. Subject matter jurisdiction of the District Court is conferred under 28 U.S.C. 1334(b).

   B.   Basis for claiming appellate jurisdiction. Appellate jurisdiction is conferred pursuant to 28 U.S.C. § 1, as of right by LBR 8003(a) and by election made by HTI under LBR 8005.

   C.   Timeliness of appeal. The Bankruptcy Court's Judgment on Adversary Proceeding entered on August 23, 2022 (Dkt # 71) ("**Judgment**"). Therefore, under Fed. R. Bankr. P. ("**FRBP**") 8002(b)(1)(B), the deadline to file a notice of appeal was fourteen (14) days after August 23, 2022. WEI, Pa Makani and Clearcom's ("**Plaintiffs**" or "**Appellants**") Notice of Appeal was timely filed on August 30, 2022 (Dkt # 75).

II.  STATEMENT OF ISSUES PRESENTED

   A.   Whether the Bankruptcy Court ("**Court**") erred in finding that the Trustee obtained (and transferred to HTI) SIC's interest in Department of Hawaiian Home Lands ("**DHHL**") License 372.

   B.   Whether the Court erred in finding that the Chapter 11 Trustee obtained (and transferred to HTI) SIC' interest in License 372, when the Trustee expressly confirmed (in the agreement approved by the Court) that the Trustee did not have, and had not obtained, any interest in License 372.

    C.    In light of Rule 9019 Settlement Agreement that included the Master Relationship Agreement ("**MRA**") (together "**Rule 9019 Settlement Agreement**") that was approved by order dated June 4, 2020 and adopted in the Rule 363 Sale Order dated December 28, 2020 ("**363 Sale Order**") that were later not assumed by HTI, (a) did the Trustee obtain SIC's interests in License 372 and transfer said interests to HTI, and (b) did Plaintiffs waive their right to object to providing HTI access to License 372 premises?

    D.    Is SIC's interest in License 372 only applicable to telephone communications, and not to wireless or broadband, as set forth in Waimana's assignments to SIC, Pa Makana and Clearcom?

    E.    Did the Court commit error by entering its order dismissing Plaintiffs' First Amended Complaint filed on August 18, 2022 (Dkt # 67) ("**FAC Dismissal Order**") based on Section G the Court's Order Granting Final Relief in Connection with Motion by Hawaiian Telcom, Inc. Enforcing the Court's Sale Order was entered on May 17, 2022 (Dkt 729) ("**Final Relief Order**") that deprived Plaintiffs of their License 372 rights.[1]

## III.    CONCISE STATEMENT OF THE CASE

    A.    Facts relevant to issues submitted for review.

Waimana incorporates by reference SIC's opening brief factual statement of the case in HI-22-01176 regarding the appeal of the Final Relief Order.

    B.    Relevant procedural history.

---

[1] "Paniolo Premises" is defined as "Paniolo Buildings and the easement areas surrounding the Paniolo Buildings" (Dkt # 637 at 8-9).

Because this appeal is primarily based on the record below, the relevant procedural history is provided in the Argument section of Waimana's HI-22-01176 Opening Brief that is incorporated herein by reference and Appellants' Opening Brief in HI-22-01179 appealing the FAC Dismissal Order that is incorporated herein by reference.

IV. SUMMARY OF THE ARGUMENT

The Court committed error by entering Section G of Final Relief Order and Reconsideration Order because the Order approving the Rule 9019 Settlement Agreement and MRA raised disputed questions of fact as to ownership of License 372 and whether the Trustee and HTI obtained any of Plaintiffs' License 372 rights and whether Plaintiffs waived the right to object to the 363 Sale Order. The Court should have allowed Plaintiffs to proceed with the FAC rather than entering the Order Dismissing FAC and Judgment.

V. ARGUMENT

Plaintiffs incorporate by reference their Argument in their Opening Brief in HI-22-01179 appealing the FAC Dismissing Order.

VI. CONCLUSION

The FAC Dismissal Order should be reversed and remanded, and the Judgment should be set aside.

Date:  Honolulu, Hawaii, March 20, 2023.

/s/ *William Meheula*
WILLIAM MEHEULA

Attorney for Appellant
WAIMANA ENTERPRISES INC.

## STATEMENT OF RELATED CASES
## PURSUANT TO CIRCUIT RULE 28-2.6
D.C. No. 1:22-cv-00427-JAO-KJM

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

The undersigned counsel states the following:

☐ I am unaware of any related cases currently pending in this court.

☐ I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

☒ I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

*In Re: PANIOLO CABLE COMPANY, LLC*, Case No. 18-01319 (Chapter 11)

*Waimana Enterprises, Inc. et al v. Hawaiian Telecom Inc.*, Case No. 1CCV-22-0000321 (GWBC)

*Waimana Enterprises, Inc. et al v. Department of Hawaiian Home Lands, et al*, Case NO. 1CCV-22-0000617 (DEO); CAAP-22-0000735


/s/ *William Meheula*              Date: March 20, 2023.

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒ this brief contains <u>613</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Microsoft Word in 14-point Times New Roman, or

☐ this document has been prepared in a monospaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)*.

/s/ *William Meheula*                        Date:  March 20, 2023.

# CERTIFICATE OF SERVICE

D.C. No. 1:22-cv-00427-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants:

**Description of Document(s):**

Opening Brief in HI-22-01178.

8

/s/ *William Meheula*                          Date: March 20, 2023.